UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM JAMES GRADFORD, JR,

Plaintiff,

v.

STANISLAUS COUNTY HOUSING
AUTHORITY,

Defendant.

No.  2:25-cv-1940 DAD AC PS

ORDER and

FINDINGS AND RECOMMENDATIONS

Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21).  Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute.  See 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP (ECF No. 8) will therefore be granted.

**I.  Screening**

A.    Standards

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will

1

(1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B.  The Complaint

Plaintiff brings suit against the Stanislaus County Housing Authority.  ECF No. 1 at 1. Plaintiff is a resident of the Kansas House, located in Modesto, California.  Id.  Plaintiff alleges that on April 5 and April 15, 2025, while he was asleep in bed at the Kansas House, someone working for the Stanislaus County Housing Authority walked in on him without prior notice or

permission and scared him.  ECF No. 1 at 3.  Management told him they would not help him or get involved.  Id.  Plaintiff identified his injury as "fear etc."  Id.  Though plaintiff provides this information on the form complaint under "Claim I" he does not specify any cause of action associated with these events.  Plaintiff identified the issue involved as "Threat to safety."  Id.

Plaintiff's remaining two claims do identify causes of action, based on a second set of circumstances.  Plaintiff claims he was retaliated against in violation of his First Amendment Rights when, on June 15, 2025, management came to his room and talked to him about filing a complaint with the Attorney General's office, but fifteen minutes later when he went to the manager's office for a complaint form, the manager told him she didn't have a form and that he would have to obtain one himself.  Id. at 4.  Plaintiff asked where another office was located so that he could get a complaint form, but the manager told him she didn't want to get involved, and that he would have to locate the form himself.  Id.  Plaintiff identifies his injury as being unable to formally exercise his free speech.  Id.

Finally, based on this same set of actions by the manager, plaintiff brings a third claim alleging that his Fourteenth Amendment right to due process was violated.  Id. at 5.  Plaintiff alleges his harm was being "unable to exhaust remedies etc."  Id.  Plaintiff seeks a restraining order and one million dollars in monetary damages.  Id.

C.  Analysis

This complaint must be dismissed because the facts stated make clear that plaintiff cannot state a federal cause of action, the only basis for jurisdiction in this case.  Plaintiff's three claims are brought for violations of his constitutional rights pursuant to 42 U.S.C. § 1983.  ECF No. 1 at 1.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant, acting under color of state law, deprived plaintiff of a right guaranteed under the Constitution or a federal statute.  Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).  "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'"  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (alteration in original, emphasis in original)

3

(quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).

The only defendant in this case is the Stanislaus County Housing Authority.  ECF No. 1 at 1.  City or county governments, including departments within them such as the Stanislaus County Housing Authority, cannot be held liable under section 1983 for the acts of an employee.  Monell v. Dep't of Soc. Servs. Of City of New York, 436 U.S. 658, 691 (1978).  Instead, local governments "can be sued directly under [Section] 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  Id. at 690.  "In order to establish liability for governmental entities under Monell, a plaintiff must prove '(1) that the plaintiff possessed a constitutional right of which she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation.'"  Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011).  Here, plaintiff has not identified any such policy or custom, and accordingly he fails to state a claim against the Housing Authority, which is the only defendant.

If this were the only problem with the complaint, the undersigned would recommend that plaintiff be permitted to amend the complaint to name proper defendants and/or identify unconstitutional policies or procedures held by the Housing Authority.  However, in this case it is apparent that none of the actions identified in the complaint constitute a deprivation of constitutional rights or otherwise suggest any viable federal claim.[1]

First, as to the act of an individual entering plaintiff's room in the night without permission, plaintiff does not identify any legal cause of action, or allege what the individual did

---

[1] Without a federal cause of action, this court lacks jurisdiction.  "Federal courts are courts of limited jurisdiction."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994).  In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a).  These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively.  Home Depot U. S. A., Inc. v. Jackson, 587 U.S. 435, 437 (2019).  There is no diversity jurisdiction here because plaintiff and defendant are both California residents.  Federal question jurisdiction is the only possible basis for jurisdiction in this case.

4

upon entering.  ECF No. 1 at 1.  In any event, simple trespass does not violate any constitutional right or support any federal cause of action.

Second, as to plaintiff's § 1983 claim based on alleged retaliation for exercise of his First Amendment rights, a prima facie case requires facts showing that (1) he engaged in protected speech; (2) the defendants took an adverse action against him; and (3) the speech was a "substantial or motivating factor" for the adverse action.  See Thomas v. City of Beaverton, 379 F.3d 802, 808 (9th Cir.2004).  In determining whether a plaintiff's speech was a substantial or motivating factor for the adverse action, courts examine three principal factors: (1) proximity in time between the protected speech and the alleged retaliation; (2) the defendant's expressed opposition to the speech; and (3) other evidence that the reasons proffered by the defendant for the adverse action were false and pretextual.  Keyser v. Sacramento Unified School Dist., 265 F.3d 741, 751–52 (9th Cir. 2001).  Here, even if plaintiff had named the manager of his housing unit as a defendant, her actions plainly do not constitute an adverse action in retaliation for protected speech.  Plaintiff alleges that the manager told plaintiff that if he wished to file a complaint form, he had to obtain a form himself.  ECF No. 1 at 4.  Plaintiff does not allege that he was removed from his housing, or that his rent was increased, or that any adverse action of any kind took place.  Accordingly, the facts do not demonstrate a violation of plaintiff's constitutional rights.  Plaintiff cannot state a First Amendment claim based on this interaction.

Third, plaintiff's claim that he was deprived of his ability to exhaust his claims in violation of his due process rights is without merit.  The Fourteenth Amendment reads that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV.  "An essential principle of due process is that a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case."  Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985) (citation omitted).  Courts "examine procedural due process questions in two steps[.]"  Id.  "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State[.]"  Id. (citation omitted).  "[T]he second examines whether the procedures attendant upon that deprivation were constitutionally sufficient[.]"  Id. (citation omitted).

Here, plaintiff has not stated a plausible procedural due process claim.  Though he alleges that he was denied his right to exhaust his claims, the facts as he states them demonstrate that he was not: he was simply instructed that he needed to obtain his own complaint form, and that the Kansas House manager would not provide one for him.  ECF No. 1 at 5.  On the facts alleged, neither the Housing Authority itself nor any of its employees prevented plaintiff from filing a complaint or otherwise affirmatively deprived him of process to which he was entitled.  ECF No. 1 at 5.  Accordingly, plaintiff cannot state a procedural due process claim based on any actions taken by the Housing Authority itself of the Kansas House manager.

## II.  Leave to Amend is Not Appropriate

Leave to amend is not appropriate in this case.  Ordinarily, pro se litigants are granted liberal leave to amend.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  Here, given the defects described above, the undersigned finds that leave to amend would be futile and should therefore not be granted.  However, the undersigned recommends that dismissal be without prejudice.

## III.  Pro Se Plaintiff's Summary

The Magistrate Judge is recommending that your case be dismissed because the facts that you have alleged do not support any federal claim that can proceed in this court.  It is recommended that dismissal be without prejudice.  You may object to this recommendation within 21 days, if you wish to do so.  The District Judge will make the final decision.

## IV.  Conclusion

For the reasons stated above, plaintiff's request to proceed in forma pauperis (ECF No. 8) is GRANTED.

It is RECOMMENDED that the complaint (ECF No. 1) be DISMISSED without prejudice for failure to state a claim, and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections

6

with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: February 10, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE